KIMBERLY J. COOPER, ESQ.
Nevada Bar No. 09533
COOPER LAW GROUP LTD.
8668 Spring Mountain Rd., Suite 101
Las Vegas, Nevada 89117
Phone: (702) 625-2553
Email: kcooper@cooperlawltd.com

*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| LEROI ARCHER, on behalf of himself and all similarly situated persons,<br><br>Plaintiff,<br>v.<br><br>WOODREL, INC., an Ohio corporation; DOE individuals 1 through 20 inclusive; and ROE corporations 1 through 20 inclusive,<br><br>Defendants. | CASE NO.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY DEMAND** |

Plaintiff LEROI ARCHER ("PLAINTIFF"), by and through the undersigned attorney, alleges upon knowledge as to himself and his own acts, and upon information and belief as to all other matters, brings this complaint against the above-named defendants and in support thereof alleges the following:

### I.  PRELIMINARY SUMMARY

1. PLAINTIFF brings this action on his own behalf and on the behalf of all others similarly situated for actual and statutory damages arising from violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and the Nevada Deceptive Trade Practices Act, Chapter 598 of the Nevada Revised Statute ("NRS").

### II.  JURISDICTION AND VENUE

2. This Court has original jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction over the state law claims pursuant to 28

1  U.S.C. § 1367.

2  4. This Court has personal jurisdiction over WOODREL, INC. because the claims asserted in this action arise out of its transacting business in Nevada.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because WOODREL, INC. does business in the District of Nevada and the acts and transactions that give rise to this action occurred, in substantial part, in the District of Nevada.

### III.   PARTIES

6. PLAINTIFF is a natural person who resides in Clark County, Nevada.

7. WOODREL, INC. ("WOODREL") is an Ohio for-profit corporation doing business in Nevada.

8. PLAINTIFF is unaware of the true names and legal capacities of the DOES 1 through 20 inclusive and ROE Corporations 1 through 20 inclusive sued herein and therefore sues said defendants by such fictitious names. Such DOES and ROE Corporations may include owners, partners, shareholders, members, officers, directors, management or employees of WOODREL, and such other related persons or entities that participate in the collection of consumer debt and past due obligations. PLAINTIFF prays for leave to insert said defendants' true names and legal capacities when ascertained.

9. PLAINTIFF is informed and believes, and thereon alleges, that each of the defendants designated herein as DOES 1 through 20 inclusive and ROE Corporations 1 through 20 inclusive are in some way legally responsible and liable for the events referred to herein, and proximately caused the damages alleged herein.

10. Defendants WOODREL, DOES 1 through 20 inclusive and ROE Corporations 1 through 20 inclusive are collectively referred to herein as "DEFENDANTS".

11. At all times material hereto, and in doing the acts and omissions alleged herein, the DEFENDANTS and each of them acted individually or through their officers, agents, employees and co-conspirators, each of whom was acting within the purpose and scope of that agency, employment and conspiracy, and said acts and omissions were known to, and authorized and ratified by, each of the other DEFENDANTS.

## IV. STATEMENT OF FACTS

12. PLAINTIFF is a "consumer" as defined in the FDCPA at 15 U.S.C. § 1692a(3).

13. PLAINTIFF allegedly owes a consumer debt as defined by 15 U.S.C. § 1692a(5) and a past due obligation as defined by NRS 649.010.

14. PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANTS and each of them regularly collect or attempt to collect consumer debts owed or due or asserted to be owed or due another and that DEFENDANTS and each of them is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

15. PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANTS and each of them is a "collection agency" as defined by NRS 649.020.

16. PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANTS and each of them does not have and, at all times material to this action, did not have a license or a certificate of registration issued by the Nevada Department of Financial Institutions to operate as a collection agency in the State of Nevada.

17. On or about October 23, 2013, WOODREL mailed or caused to be mailed a form collection letter (the "Letter") to PLAINTIFF in an attempt to collect an alleged consumer debt. A true and correct copy of the Letter is attached hereto as Exhibit 1.

18. Upon receipt of the Letter, PLAINTIFF opened it and read it.

19. The Letter is an "initial communication with the consumer" as set forth in 15 U.S.C. § 1692g.

20. The Letter states, in pertinent part:

> Unless this account or any portion thereof is disputed within 30 days from receipt of this notice, we will assume this debt to be valid. If you dispute this debt or any portion thereof within this 30 day time period we will furnish you with verification of this debt and the name and address of the original creditor.

21. The Letter fails to notify PLAINTIFF that to be entitled to a verification of the debt or to obtain the name and address of the original creditor, the request has to be in writing as set forth in 15 U.S.C. § 1692g(a)(4) and (5).

22. The Letter states that the original creditor is 3G Collect to Cell.

23. The Letter further states that PLAINTIFF owes a balance of $50.99.

24. On or about January 17, 2014, WOODREL mailed or caused to be mailed a second form collection letter (the "2nd Letter") to PLAINTIFF in an attempt to collect an alleged consumer debt. A true and correct copy of the 2nd Letter is attached hereto as Exhibit 2.

25. The 2nd Letter states that PLAINTIFF owes a balance of $80.99.

26. PLAINTIFF is informed and believes, and thereon alleges, that PLAINTIFF does not owe a debt to 3G Collect to Cell.

27. PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANTS and each of them misrepresent the character, amount or legal status of the alleged debt.

28. PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANTS and each of them are not expressly authorized by any agreement creating the debt or permitted by law to collect the balance as set forth in the Letter or the 2nd Letter.

29. As a result of the acts and omissions of the DEFENDANTS, PLAINTIFF has been forced to hire counsel to prosecute this action and to incur attorney fees and costs.

30. PLAINTIFF is informed and believes and therefore alleges that PLAINTIFF and the class members may have suffered damages in other ways and to other extents not presently known to PLAINTIFF, and not specified herein. PLAINTIFF reserves the right to assert additional facts and damages not referenced herein, and to present evidence of the same at the time of trial.

### V.   CLASS ALLEGATIONS

31. PLAINTIFF repeats, re-alleges and incorporates by reference Paragraphs 1 through 30 as though fully set forth herein.

32. These claims for relief are brought by PLAINTIFF individually and on behalf of the following classes:

    a.    Class Number One: a national class consisting of consumers who:

        (1) Within one year prior to the filing of this action;

        (2) Were sent a collection letter by DEFENDANTS;

         (3) In a form materially identical or substantially similar to the Letter sent to the PLAINTIFF; and

         (4) The collection letter was not returned by the postal service as undelivered.

    b. Class Number Two: a class consisting of consumers with Nevada addresses who:

         (1) Within three years prior to the filing of this action;

         (2) Were sent a collection letter by DEFENDANTS or were contacted by DEFENDANTS for purposes of collecting an alleged consumer debt owed to a third party.

33. Under Federal Rule of Civil Procedure Rule 23, a class action is appropriate and preferable in this case because:

    a. The collection letters at the heart of this litigation are form letters and the class is so numerous that joinder of all members is impractical.

    b. There are questions of law and fact common to the classes that predominate over any questions affecting individual class members. The principal question presented by this case is whether the Letter attached as Exhibit 1 violates various provisions of the FDCPA, and whether the DEFENDANTS committed consumer fraud with respect to Class Number Two.

    c. PLAINTIFF will fairly and adequately represent the class members' interests.

34. A class action is superior for the fair and efficient adjudication of the class members' claims as Congress specifically envisioned class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C. § 1692k. The members of the class are generally unsophisticated consumers, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would also create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying

standards and would not be in the best interest of judicial economy.

## VI. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

**(Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g(a)(4) and (5), against Defendants on behalf of Plaintiff individually and on behalf of Class Number One)**

35. PLAINTIFF repeats, re-alleges and incorporates by reference Paragraphs 1 through 34 as though fully set forth herein.

36. DEFENDANTS made false, deceptive and misleading representations in connection with the collection of the alleged debt in violation of Sections 1692g(a)(4) and (5).

37. Sections 1692g(a)(4) and (5) of the FDCPA states in pertinent part:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing:
>
> ***
>
> (4) a statement that if the consumer notifies the debt collector *in writing* within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's *written* request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. §§ 1692g(a)(4) and (5) (emphasis added).

38. The Letter to PLAINTIFF is false, deceptive and misleading because it fails to notify PLAINTIFF that to be entitled to a verification of the debt or to obtain the name and address of the original creditor, the request has to be in writing.

39. As a result of DEFENDANTS' violation of Sections 1692g(a)(4) and (5) of the FDCPA, PLAINTIFF and the class members have been damaged and are entitled to statutory damages plus actual damages in an amount to be proven at trial.

40. DEFENDANTS' violation of Sections 1692g(a)(4) and (5) of the FDCPA as alleged herein has caused PLAINTIFF to retain an attorney and to prosecute this action, and PLAINTIFF is therefore entitled to recover reasonable attorneys' fees and costs expended in bringing and prosecuting this action.

### SECOND CLAIM FOR RELIEF
**(Violation of the Nevada Deceptive Trade Practices Act against Defendants on behalf of Plaintiff individually and on behalf of Class Number Two)**

41. PLAINTIFF repeats, re-alleges and incorporates by reference Paragraphs 1 through 40 as though fully set forth herein.

42. Any person who is the victim of a consumer fraud may bring an action under NRS 41.600 for a deceptive trade practice as defined in NRS 598.0915 to 598.0925, inclusive.

43. Under NRS 598.0923, "[a] person engages in a 'deceptive trade practice' when in the course of his or her business or occupation he or she knowingly: 1. Conducts the business or occupation without all required state, county or city licenses."

44. As a collection agency operating in Nevada, DEFENDANTS were and are required to obtain a license issued by the Nevada Department of Financial Institutions to operate as a collection agency pursuant to NRS 649.075.

45. Pleaded in the alternative, as a collection agency operating from outside Nevada but collecting debt from Nevada residents, DEFENDANTS were and are required to obtain a certificate of registration as a foreign collection agency with the Nevada Department of Financial Institutions pursuant to NRS 649.075.

46. DEFENDANTS are not currently and, at all times material to this action, were not licensed as a collection agency in Nevada nor registered as a foreign collection agency in Nevada; and, as a result, DEFENDANTS have violated the Nevada Deceptive Trade Practices Act.

47. As a result of DEFENDANTS' violations of the Nevada Deceptive Trade Practices Act, PLAINTIFF and the class members have been damaged and are entitled to damages in an amount to be proven at trial.

48. DEFENDANTS' violations of the Nevada Deceptive Trade Practices Act as

1  alleged herein has caused PLAINTIFF to retain an attorney and to prosecute this action, and PLAINTIFF is therefore entitled to recover reasonable attorneys' fees and costs expended in bringing and prosecuting this action pursuant to NRS 41.600.

### THIRD CLAIM FOR RELIEF
### (Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f(1)(a), on behalf of Plaintiff individually)

49. PLAINTIFF repeats, re-alleges and incorporates by reference Paragraphs 1 through 48 as though fully set forth herein.

50. DEFENDANTS made false, deceptive and misleading representations in connection with the collection of the alleged debt in violation of Section 1692e(2)(A).

51. Section 1692e(2)(A) of the FDCPA states in pertinent part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> ***
>
> (2) The false representation of—
>      the character, amount, or legal status of any debt;

15 U.S.C. § 1692e(2)(A).

52. DEFENDANTS made false, deceptive and misleading representations because each letter misrepresents the character, amount, or legal status of the alleged debt.

53. As a result of DEFENDANTS' violation of Section 1692e(2)(A) of the FDCPA, PLAINTIFF has been damaged and is entitled to statutory damages plus actual damages in an amount to be proven at trial.

54. DEFENDANTS' violation of Section 1692e(2)(A) of the FDCPA as alleged herein has caused PLAINTIFF to retain an attorney and to prosecute this action, and PLAINTIFF is therefore entitled to recover reasonable attorneys' fees and costs expended in bringing and prosecuting this action.

///

///

## FOURTH CLAIM FOR RELIEF
### (Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f(1), on behalf of Plaintiff individually)

55. PLAINTIFF repeats, re-alleges and incorporates by reference Paragraphs 1 through 54 as though fully set forth herein.

56. DEFENDANTS used an unfair and unconscionable means in connection with the collection of the alleged debt in violation of Section 1692f(1).

57. Section 1692f(1) of the FDCPA states in pertinent part:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

15 U.S.C. § 1692f(1).

58. DEFENDANTS used an unfair and unconscionable means to collect or attempt to collect an alleged debt because DEFENDANTS were not expressly authorized by any agreement creating the alleged debt or permitted by law to collect the balance as set forth in the Letter or the 2nd Letter.

59. As a result of DEFENDANTS' violation of Section 1692f(1) of the FDCPA, PLAINTIFF has been damaged and is entitled to statutory damages plus actual damages in an amount to be proven at trial.

60. DEFENDANTS' violation of Section 1692f(1) of the FDCPA as alleged herein has caused PLAINTIFF to retain an attorney and to prosecute this action, and PLAINTIFF is therefore entitled to recover reasonable attorneys' fees and costs expended in bringing and prosecuting this action.

### VII. PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF respectfully prays that this Court grant the following relief in PLAINTIFF'S favor, and on behalf of the classes, and that judgment be entered against

DEFENDANTS, and each of them, for the following:

1. For actual damages incurred by PLAINTIFF pursuant to 15 U.S.C. § 1692k(a)(1) and NRS 41.600;

2. For statutory damages awarded to PLAINTIFF, not to exceed $1000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3. For statutory damages awarded to Class Number One, pursuant to 15 U.S.C. § 1692k(a)(2)(B), of the amount not to exceed the lesser of $500,000.00 or 1 per centum (1%) of the net worth of the DEFENDANTS;

4. A declaration that the Letter, represented by Exhibit "1", violated the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(3);

5. For reasonable attorney fees for all services performed by counsel in connection with the prosecution of these claims;

6. For such additional damages as are allowed pursuant to the Nevada Deceptive Trade Practices Act for Class Number Two, including punitive damages;

7. For reimbursement for all costs and expenses incurred in connection with the prosecution of these claims; and

8. For any and all other relief this Court may deem appropriate.

DATED this 22nd day of April, 2014.

COOPER LAW GROUP LTD.

KIMBERLY J. COOPER, ESQ.
Nevada Bar No. 09533
8668 Spring Mountain Road, Suite 101
Las Vegas, Nevada 89117

*Attorney for Plaintiff*